RENDERED:  JULY 10, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0760-MR

SUBHASH DHAND; S. DHAND M.D.,
INC.; SADHNA DHAND; AND
SUBHASH DHAND AND SADHNA
DHAND AS TRUSTEES OF THE
DHAND FAMILY TRUST DATE
05/05/89                                                                                    APPELLANTS


                          APPEAL FROM BOONE CIRCUIT COURT
v.           HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
                          ACTION NO. 24-CI-01972


BANK OF AMERICA N.A.; CAPITAL
ONE N.A.; CENTRAL BANK &
TRUST COMPANY; FIFTH THIRD
BANK, N.A.; HERITAGE BANK,
INC.; JPMORGAN CHASE BANK,
N.A.; MERRILL LYNCH, PIERCE,
FENNER & SMITH, INC.; AND
WELLS FARGO BANK, N.A.                                                   APPELLEES

AND

NO. 2025-CA-1305-MR

SUBHASH DHAND; S. DHAND M.D.;
SADHNA DHAND; AND SUBHASH
DHAND AND SADHNA DHAND AS
TRUSTEES OF THE DHAND
FAMILY TRUST DATE 05-05-89                                             APPELLANTS

APPEAL FROM BOONE CIRCUIT COURT

v.        HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
            ACTION NO. 24-CI-01972


CAPITAL ONE N.A. AND WELLS                              APPELLEES
FARGO BANK, N.A.



OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KAREM, AND MᶜNEILL, JUDGES.

MᶜNEILL, JUDGE: This is a financial fraud case.  The scheme targeted a

practicing physician, Dr. Dhand, and his wife, Sadhna Dhand, individually and as

trustees of the Dhand Family Trust date 05-05-89 (collectively, "Appellants").

Individuals impersonating government officials persuaded Dr. Dhand to wire

transfer approximately $5.8 million from several bank accounts in California to

accounts in Kentucky.  After discovering the loss, Appellants filed a lawsuit in

Boone County, Kentucky.  Therefore, they asserted claims against the alleged

defrauder and various financial institutions involved in the transfer of funds (the "Banks").[1]

The Banks filed individual motions to dismiss for failure to state a claim under CR[2] 12.02(f), which were granted. Appellants appealed to this Court as a matter of right. Two dismissal orders lacked the requisite finality language. CR 54.02(1). Appellants were ordered to show why those orders should not be excluded. The matter was ultimately resolved by an agreed order entered by the trial court adding the finality language, from which Appellants appealed, resulting in two separate cases before this Court. Appellants filed a motion to consolidate, which was granted. For the following reasons, we affirm.

## STANDARD OF REVIEW

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo.*" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted). Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." *Id.*

---

[1] They include the above captioned Appellees Wells Fargo, Bank of America, N.A., Merrill Lynch, Pierce, Fenner & Smith, Incorporated JP Morgan Chase Bank, N.A, Fifth Third Bank, N.A., Central Bank & Trust Co., and Heritage Bank, Inc.

[2] Kentucky Rules of Civil Procedure.

## ANALYSIS

Appellants raise seven issues on appeal. They include various common law negligence and statutory violations resulting in alleged damages, including punitive damages. However, we begin with Appellants' argument that their complaint was timely filed within the one-year statute of limitations period. KRS[3] 413.140.

We need not address that issue beyond concluding that it does not bar the present case. Expiration of the statute of limitations was not the basis for the trial court's dismissal order. Moreover, it is undisputed that Appellants discovered that they were defrauded on December 3, 2023. The present case was filed on December 2, 2024, which is within the one-year statute of limitations. What matters here is "knowledge that one has been wronged[,]" not "knowledge that the wrong is actionable[.]" *Wolfe v. Kimmel*, 681 S.W.3d 7, 14 (Ky. 2023) (internal quotation omitted). Thus, the present case was timely filed. The remaining issues were addressed by the circuit court in one of its dismissal orders as follows:

> [Appellants'] negligence claims fail as a matter of law because [Banks] owed no duty to the Plaintiffs, who were not its customers, and such negligence claims are displaced by Kentucky's implementation of the Uniform Commercial Code;
>
> [Appellants'] claim under KRS 209.030 [is] barred, because the Plaintiffs, as (1) non-residents of the

---

[3] Kentucky Revised Statutes.

-4-

Commonwealth and (2) having failed to allege that they are dysfunctioning adults unable to cope with the daily activities of life, are not a protected class for purpose of the statute;

[Appellants'] claims under KRS 365.245 fail because the reporting obligations of the statute are permissive, not mandatory, and even if they were not, [Appellants] have alleged no facts that would allow [Banks] to reasonably conclude there was any financial exploitation; and

[Appellants'] remaining claims, including their claims for punitive damages and attorneys' fees, fail as a matter of law.[4]

## *Common Law Claims*

The primary basis for the circuit court's disposition is that Kentucky's Uniform Commercial Code Article 4A, KRS 355.4A–101 *et seq.*, ("UCC"), typically preempts common law negligence claims such as those raised herein. Kentucky has "a strong policy in favor of treating the UCC as occupying the field and displacing common-law causes of action." *Mark D. Dean, P.S.C.* v. *Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 505 (Ky. 2014). Indeed, "the Code is plenary and exclusive except where the legislature has clearly indicated otherwise." *Id.* (quoting *Lincoln Bank & Tr. Co. v. Queenan*, 344 S.W.2d 383, 385 (Ky. 1961)). Accordingly, a common law claim is foreclosed when the UCC

---

[4] Only the circuit court's order granting Bank of America's motion to dismiss contains findings. However, because the Banks' arguments for dismissal were similar—if not identical—we will impute the court's findings as broadly applicable.

provides a comprehensive remedy for the transaction at issue. *Id*. at 506-07. We agree with the Banks that the UCC displaces Appellants' common law claims because it provides a comprehensive remedy for the transfer of funds. Yet, no UCC violation is alleged here. *See* KRS 355.4A-202(1) ("A payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order . . . ."); KRS 355.4A-204(1)(a) (describing circumstances for refunds of payment orders that are "not authorized . . . under KRS 355.4A-202").

To be clear, Appellants' central argument on appeal is that the Banks violated Kentucky's "universal duty" of care under which "every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *Grayson Fraternal Order of Eagles, Aerie No. 3738, Inc.* v. *Claywell*, 736 S.W.2d 328, 332 (Ky. 1987). We do not believe that this general duty of care is enough, based on the allegations presented here, to maintain a common law action against the Banks. The complaint, amended complaint, and arguments raised herein, indicate that the Banks—whether payor or payee—were mere facilitators of a series of transactions executed and authorized by Appellants.

**Statutory Claims**

As previously stated, Appellants do not raise any UCC violations. Instead, they present negligence per se claims for alleged violation of 1) Kentucky

Adult Protection Act ("KAPA"), KRS 209.005 *et seq.*, and 2) Kentucky's Protection from Financial Exploitation Act ("KPFEA"), KRS 365.245. Each will be addressed in turn.

"Under the Kentucky Adult Protection Act, KRS 209.080–.990, adults of the Commonwealth who are unable to manage their own affairs, or who are unable to protect themselves from abuse, neglect, or exploitation, are able to access a system of protective services to provide assistance in these areas." *Council on Developmental Disabilities, Inc. v. Cabinet for Health & Fam. Servs.*, 473 S.W.3d 597, 601 (Ky. 2015), *as modified on denial of reh'g* (Dec. 17, 2015)

> "Adult" means a person eighteen (18) years of age or older who, because of mental or physical dysfunctioning, is unable to manage his or her own resources, carry out the activity of daily living, or protect himself or herself from neglect, exploitation, or a hazardous or abusive situation without assistance from others, and who may be in need of protective services[.]

KRS 209.020(4). KAPA requires any person "having reasonable cause to suspect that an adult has suffered abuse, neglect, or exploitation" to report the suspected abuse to the Kentucky Cabinet for Health and Family Services. KRS 209.030(2). First, there is no indication that KAPA provides a private right of enforcement. *See* KRS 209.040 ("Any court may upon proper application by the cabinet issue a restraining order or other injunctive relief to prohibit any violation of this chapter,

regardless of the existence of any other remedy at law.').  Furthermore, Appellants are not within the statutorily protected class.  KRS 209.020.

Similarly, KPFEA protects "specified adults," who are adults 65 years or older; or are reasonably believed to have "mental or physical impairment that renders that natural person unable to protect his or her own interests."  KRS 365.245(1)(e).  KPFEA provides a mechanism for reporting financial exploitation.  KRS 365.245(2)(a).  However, KPFEA's reporting provisions are permissive rather than mandatory and, in any event, Appellants do not allege financial exploitation by the Banks.  Any remaining issues are moot or otherwise unpersuasive.

## CONCLUSION

Based on the foregoing, the Boone Circuit Court's dismissal orders are hereby AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Andre F. Regard
Lexington, Kentucky

BRIEF FOR BANK OF AMERICA
AND MERRILL LYNCH, PIERCE,
FENNER & SMITH, INC.:

Matthew A. Fitzgerald
Brian E. Pumphrey
Richmond, Virginia

Micaylee A. Noreen
*Pro Hac Vice*

Bethany A. Breetz
Neal Bailen
Louisville, Kentucky

BRIEF FOR WELLS FARGO BANK,
N.A.:

Benjamin B. Coulter
Birmingham, Alabama

BRIEF FOR FIFTH THIRD BANK,
N.A.:

Victor A. Walton, Jr.
J.B. Lind
Cincinnati, Ohio

Jacob D. Mahle
*Pro Hac Vice*

BRIEF FOR HERITAGE BANK,
INC. AND CENTRAL BANK &
TRUST CO.:

Griffin Terry Sumner
William T. Repasky
Matthew Marino
Louisville, Kentucky

BRIEF FOR JPMORGAN CHASE
BANK, N.A.:

Dustin E. Meek
Daniel R. Graham
Louisville, Kentucky

BRIEF FOR CAPITAL ONE, N.A.:

Jonathan M. Kenney
Virginia Beach, Virginia